**DAN ZHU, Petitioner,**

v.

**Eric J. HOLDER, United States Attorney General \*, Respondent.**

**No. 08–0069–ag.**

United States Court of Appeals, Second Circuit.

Feb. 23, 2009.

is automatically substituted as the respondent in this case.

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Stephen M. Elliott, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROSEMARY S. POOLER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Dan Zhu, a native and citizen of the People's Republic of China, seeks review of a December 17, 2007 order of the BIA, affirming the March 2, 2006 decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan Zhu,* No. A95 709 842 (B.I.A. Dec. 17, 2007), *aff'g* No. A95 709 842 (Immig. Ct. N.Y. City Mar. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Security,* 494 F.3d 281, 289 (2d Cir.2007).

■ Upon review of the administrative record, we find that substantial evidence supports the agency's adverse credibility determination.[1] We generally will not dis-

---

1. In *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008), we recognized that the Real ID Act abrogated in part our holding in

turb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements [or omissions] ... about matters material to [an applicant's] claim of persecution." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 334 (2d Cir.2006). Here, Zhu's asylum claim was primarily based on persecution arising from her practice of Falun Gong. During her airport and credible fear interviews, Zhu claimed that she feared being arrested in China for cohabiting with her boyfriend; however, she failed to mention her claim that she had been arrested for practicing Falun Gong, as she would later testify.[2] These omissions were substantial because they raise doubts regarding Zhu's credibility in stating her reasons for coming to the United States. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006). While Zhu offered explanations for the omissions related to her practice of Falun Gong, no reasonable factfinder would have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

■ Moreover, the agency did not err in relying on these omissions even though they arose in the context of Zhu's statements during her airport and credible fear interviews. There was a "sufficiently accurate record" of the applicant's state-ments during the airport interview to merit consideration where (1) the record contained a verbatim transcript of the interview; (2) the questions posed were clearly designed to elicit details of an asylum claim; (3) Zhu did not appear reluctant to provide the inspector with information on account of her experiences in China; and (4) there is no indication that Zhu had any difficulty understanding the questions posed. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir. 2004). Additionally, a review of the record of Zhu's credible fear interview does not demonstrate that she was reluctant to provide the inspector with information on account of her experiences in China, where she described in detail her interactions with village officials regarding her cohabitation with her boyfriend. As the agency reasonably found records of these interviews reliable, the agency did not err in relying on Zhu's omissions in finding her credibility undermined. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 398 (2d Cir.2005)

■ Regarding the IJ's finding that Zhu failed to submit sufficient corroborating evidence to rehabilitate her testimony, contrary to Zhu's argument, the IJ was not obligated to first identify the particular pieces of missing, relevant evidence, and

---

*Secaida–Rosales v. INS,* 331 F.3d 297 (2d Cir.2003), for cases filed after May 11, 2005, the effective date of the Act. *Xiu Xia Lin,* 534 F.3d at 167. *Secaida–Rosales* held that an adverse credibility finding may not be based on inconsistencies or omissions that did not undermine the heart of the asylum claim. *Secaida–Rosales,* 331 F.3d at 308. The government concedes in its brief that Zhu's application, while filed after the effective date of the Act, should be reviewed under the case law that preceded the Act because the agency failed to recognize the applicability of the Real ID Act credibility provision in analyzing Zhu's application. *See Gonzales v. Thomas,* 547 U.S. 183, 185–87, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006).

**2.** The government argues that we lack jurisdiction to consider Zhu's argument that the agency erred in relying on omissions in her credible fear interview because that interview was conducted shortly after her arrival in the United States. However, Zhu's failure to exhaust this particular argument implicates judicially imposed exhaustion requirements that are mandatory but not jurisdictional. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Moreover, we may review this argument because it is simply an extension of Zhu's exhausted challenge to the IJ's reliance on her credible fear interview. *Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007).

show that this evidence was reasonably available before relying on this lack of corroboration to support his adverse credibility finding. *See Xiao Ji Chen,* 471 F.3d at 341 (holding that these steps are not required when the applicant is not otherwise credible).

Ultimately, because a reasonable factfinder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *Xiao Ji Chen,* 471 F.3d at 334. Thus, the agency's denial of Lin's application for asylum, withholding of removal, and CAT relief was proper.[3] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**3.** Contrary to the government's argument, there is no indication that Zhu waives her challenge to the agency's denial of CAT relief, where her brief provides the standard for establishing eligibility for CAT relief and challenges the agency's basis for denying her ap-

plication for such relief, namely the adverse credibility determination. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

